In the Matter of the Claim of ANNA DIVIYAK, Appellant, against LEON F. SWEARS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board, dated June 11, 1957, disallowing her claim. The employer corporation is located at 111-113 North Perry Street, Johnstown, New York. The claimant was employed as a machine operator. As shown by the numbers above, the place of business of the employer consists of two buildings separated by a brook over which is a bridge built as a continuation of the sidewalk and

road so that from a casual observation, when traveling on either, there is no evidence of the bridge itself as is shown by the exhibits before the court. On the day in question the claimant punched the time clock to go to lunch, left the building, went on to the sidewalk on Perry Street, started walking in the direction in which her car was parked which necessitated her crossing the sidewalk over the bridge and according to her testimony, when she was about in the middle of the bridge she fell on the ice and snow and received injuries set forth in her claim and from which she was disabled. According to the deed in evidence before the board, the title to this property was vested in Leon F. Swears, individually. There was some discussion between counsel to the effect that a further conveyance had been made to the corporation but there is no evidence of such transfer. It appears from the record that the individual owner was present at the hearing but was not called by either party. The only evidence which would tend to substantiate the contention of the claimant that the employer was the owner was the deed mentioned above. The employer produced evidence by way of the foreman of the street and water department of the City of Johnstown that the city had maintained the sidewalk on North Perry Street over the bridge, that in the wintertime they had shoveled the sidewalk and that no snow fell from February 12 to the early morning of February 17 in the city of Johnstown. Claimant testified that she remembered the sidewalk being shoveled two days before the date of the accident. The board's finding that she did not sustain an injury arising out of or in the course of her employment, as the risk of the public sidewalk is a risk to which all pedestrians are exposed, under the circumstances constituted a question of fact based upon substantial evidence. Decision of the Workmen's Compensation Board disallowing the claim affirmed, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.